# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| OLIN CORPORATION, | |
| *Petitioner*, | |
| v. | Case No. 25-1014 and the consolidated cases |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, ET AL., | |
| *Respondents*. | |

## RESPONDENTS' MOTION TO EXTEND ABEYANCE

Respondents United States Environmental Protection Agency and Administrator Lee Zeldin[1] ("EPA") respectfully move the Court to extend the abeyance in these consolidated cases for 120 days to allow new Agency leadership to review the underlying rule. Counsel for EPA reached out to counsel for Petitioners and was informed that:

- American Chemistry Council and Georgia Chemistry Council (Case No. 25-1132), and Texas Chemistry Council (Case No. 25-1266), do not oppose this Motion;

---

[1] Administrator Zeldin is substituted for former Administrator Michael S. Regan and former Acting Administrator James Payne pursuant to Federal Rule of Appellate Procedure 43(c)(2).

- Ohio Chemistry Technology Council (Case No. 25-1140) has no objection to EPA's Motion;

- United Steel, Paper and Forestry Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO (Case No. 25-1137) and United Automobile, Aerospace & Agricultural Workers (Case No. 25-1138) take no position on EPA's Motion;

- Ohio Environmental Council and Louisiana Environmental Action Network (Case No. 25-1139) reserve the right to respond based their review of EPA's Motion;

- Sierra Club (Case No. 25-1175) reserves the right to respond based on a review of EPA's Motion;

- Olin Corporation (Case No. 25-1014) opposes this Motion.

1. Petitioners seek review of an EPA action entitled, "Carbon Tetrachloride (CTC); Regulation under the Toxic Substances Control Act (TSCA)" 89 Fed. Reg. 103512 (Dec. 18, 2024) ("Rule").

2. The challenged Rule addresses the risks to health associated with certain uses of carbon tetrachloride under the Toxic Substances Control Act. *Id.* In doing so, the Rule establishes workplace safety requirements for many

conditions of use of carbon tetrachloride (e.g. domestic manufacturing) and prohibits other uses of carbon tetrachloride where EPA understands those conditions of use have ceased (e.g. use in the manufacture of certain basic chemicals). *Id.* at 103513. The Rule also includes recordkeeping and downstream notification requirements. *Id.*

3. The Rule was promulgated, per 40 C.F.R. §§ 23.5, 23.11, on January 2, 2025, and has an effective date of January 17, 2025, 89 Fed. Reg. 103512.

4. Eight petitions for review were filed in seven United States Courts of Appeals and were eventually consolidated in this Court by order of the Judicial Panel on Multidistrict Litigation. *See* ECF 5478305. This Court placed these cases in abeyance until all eight petitions had been transferred and docketed in accordance with the Judicial Panel's consolidation order. ECF 5478315. The final petition was docketed in this Court on February 7th, and on February 11th, this Court ordered the parties to meet and confer on a joint briefing proposal for these cases, ECF 5484565.

5. As the Court is aware, a new administration took office on January 20, 2025. New administration officials at EPA need time to review numerous rulemakings, including the challenged Rule, and to familiarize themselves with ongoing litigation. Here, EPA must brief new Agency leadership on the

3

challenged Rule and the issues raised by these petitions so they can determine what, if any, action is necessary.

6. To undertake that review in an orderly and deliberate fashion, EPA requests that the court extend the abeyance in this matter for 120 days.

7. A court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936); *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

8. Abeyance is warranted here because courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) (recognizing that "regulatory agencies do not establish rules of conduct to last forever" and "an agency must be given able latitude to adapt their rules and policies to the demands of changing circumstances." (internal quotation marks omitted)); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that "[a] change in administration . . . is a perfectly reasonable basis for an executive agency's

reappraisal of the costs and benefits of its programs and regulations" (internal quotation marks omitted)).

9. Courts routinely grant stays or abeyance in circumstances like those presented here where a new administration seeks to review prior actions. *See, e.g.*, Order (Dkt. Nos. 142, 133)[2] *Denka Performance Elastomer, L.L.C. v. EPA*, No. 24-60351 (5th Cir. Feb. 7, 2025) (staying proceedings for 120 days following a change in administration); Order, (ECF 12000874, 12000165) *U.S. WeChat Users All. v. Biden*, No. 20-16908 (9th Cir. Feb. 11, 2021) (staying proceedings following a change in administration while the Department of Commerce reviewed agency actions); Order, (ECF 1883880, 1882301), *Am. Fuel & Petrochem. v. EPA*, No. 19-1124 (D.C. Cir. Feb. 5, 2021) (rescheduling oral argument at EPA's request to accommodate change of administration); Order (ECF 1675813, 1670157), *Am. Petroleum Inst. v. EPA*, No. 13-1108 (D.C. Cir. May 18, 2017) (abating challenge to EPA's authority to regulate methane from oil and gas operations following change of administration); Order (ECF 1673071, 1668274), *West Virginia v. EPA*, No. 15-1363 (D.C. Cir. Apr. 28, 2017) (abating challenges to Clean Power Plan rule following change of administration).

---

[2] In this and the following citations, the first ECF or Docket No. refers to the Court's Order and the second refers to EPA's motion for a stay or abeyance. The date refers to the entry of the Court's Order.

10. Abeyance would also preserve resources of the parties and the Court. It is possible that after its review, EPA could take further action that may obviate the need for judicial resolution of some or all of the disputed issues. Good cause thus exists for the requested abeyance. *See Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

11. For these reasons, the Court should extend the abeyance in this matter for 120 days, with motions to govern due at the end of that period.

Respectfully submitted,

LISA LYNNE RUSSELL
  *Deputy Assistant Attorney General*

| | |
|---|---|
| *Of Counsel:*<br>ELIZABETH THALER<br>DEREK GILLIAM<br>  Office of the General Counsel<br>  U.S. Environmental Protection Agency<br>  Washington, D.C. | *s/ Zoe B. Palenik*<br>ZOE PALENIK<br>  Environmental Defense Section<br>  Environment and Natural Resources Division<br>  U.S. Department of Justice<br>  P.O. Box 7611<br>  Washington, D.C. 20044 |

(202) 353-5625  
Zoe.Palenik@usdoj.gov

# CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 1,091 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

DATED: February 12, 2025

s/ *Zoe B. Palenik*
ZOE B. PALENIK

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2025, I filed the foregoing Respondents' Motion to Extend Abeyance with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

DATED: February 12, 2025

s/ <i>Zoe B. Palenik</i><br>
ZOE B. PALENIK