IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

OLIN CORPORATION,

    *Petitioner*,

  v.

U.S. ENVIRONMENTAL PROTECTION
AGENCY, ET AL.,

    *Respondents*.

Case No. 25-1014 and the consolidated cases

**RESPONDENTS' REPLY IN SUPPORT
OF MOTION TO EXTEND ABEYANCE**

On February 12, 2025, Respondents the United States Environmental Protection Agency and Administrator Lee Zeldin (collectively "EPA") moved this Court to extend the abeyance in these consolidated cases by 120 days. ECF 5485364. One Petitioner, Olin Corporation, filed an opposition. ECF 5489017 (hereinafter "Olin Opp."). For the reasons set forth in EPA's Motion to Extend Abeyance, further abating these proceedings by 120 days is warranted to allow new Agency leadership to review the underlying carbon tetrachloride rulemaking. 89 Fed. Reg. 103512 (Dec. 18, 2024). EPA writes briefly in response to Olin's Opposition to explain why its request is justified:

1.     *First*, Olin elevates form over substance in arguing that EPA's motion is moot. *See* Olin Opp. ¶ 6. The consolidated cases were abated on

1

January 24th, pending the transfer of all petitions for review to this Court. ECF 5478315. The final transfer occurred, as the Opposition points out, on February 7th. Olin Opp. ¶ 6. On February 11th the parties were directed to meet and confer on a briefing proposal for submission by March 4th, but that order did not explicitly lift the abeyance. ECF 5484565. Because EPA had initially requested the positions of all Petitioners on its proposal to extend the existing abeyance by 120 days—and because the Clerk's letter directing the submission of a briefing proposal did not explicitly lift that abeyance—EPA reasonably styled its motion in accordance with its proposal to Petitioners. If this Court agrees that EPA erred in styling its motion as one to extend the abeyance, EPA requests leave to correct its filing accordingly.

2. *Second*, EPA is seeking an abeyance not only to preserve its own resources, but to preserve the resources of this Court and all involved parties. Olin argues that new Agency leadership should review the rule as litigation proceeds, in part because EPA's first tasks would only be to confer on a briefing schedule and file the Administrative Record.[1] Olin Opp. ¶¶ 7, 11. But, pending an agreed-upon briefing proposal, the filing of the Administrative Record triggers the briefing process. The parties would first need to negotiate a protective order before EPA

---

[1] It is EPA's understanding that the joint briefing schedule required by March 4, 2025, should include a proposed Certified List filing deadline.

could produce any copyrighted or confidential record documents. Then, Petitioners would likely begin briefing while Agency leadership reviews the rule.[2] Where the Agency may ultimately take an action that would obviate the need for judicial review altogether, abating proceedings now is in the interest of judicial economy.

       3.      EPA requested the Court extend the abeyance for 120 days to allow EPA to undertake its review of the underlying carbon tetrachloride rule in an orderly manner. ECF 5485364 ¶ 6. New Agency leadership is reviewing multiple rulemakings and needs time to familiarize itself with the challenged rule to ensure that any briefing filed in this litigation accurately reflects the position of the new administration. Abating proceedings for additional time now, rather than litigating the substance of a rulemaking that the Agency may decide to reconsider, is the more efficient course of action.

---

[2] EPA notes several corrections to the dates in the Opposition. The rule became effective on January 17, 2025. 89 Fed. Reg. at 103512. The compliance deadline for companies not acting as Federal contractors using carbon tetrachloride to prevent workplace exposures over 30 parts per billion is September 2026 (not June 2026), or four months after the chemical is introduced to the workplace (if after June 11, 2026). 40 C.F.R. § 751.707(b)(1). And compliance with restrictions on laboratory use of carbon tetrachloride for entities that are not Federal agencies or Federal contractors is June 16, 2025, (not December 2025), *id*. § 751.709, though Olin does not allege it uses carbon tetrachloride as a laboratory chemical. *See* Olin Opp. ¶ 2

4. For the reasons above and in EPA's Motion to Extend Abeyance, this Court should extend the abeyance of these cases by 120 days.

Respectfully submitted,

Dated: March 3, 2025

LISA LYNNE RUSSELL
   *Deputy Assistant Attorney General*

*Of Counsel:*
ELIZABETH THALER
DEREK GILLIAM
   Office of the General Counsel
   U.S. Environmental Protection Agency
   Washington, D.C.

s/ *Zoe B. Palenik*
ZOE B. PALENIK
   Environmental Defense Section
   Environment and Natural Resources Division
   U.S. Department of Justice
   P.O. Box 7611
   Washington, D.C. 20044
   (202) 353-5625
   Zoe.Palenik@usdoj.gov

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(C) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 662 words. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

DATED: March 3, 2025

                                          s/ *Zoe B. Palenik*
                                          ZOE B. PALENIK

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2025, I filed the foregoing Respondents' Reply in Support of Motion to Extend Abeyance with the Clerk of Court for the United States Court of Appeals for the Eighth Circuit using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

DATED: March 3, 2025

s/ <u>*Zoe B. Palenik*</u><br>
ZOE B. PALENIK