IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| OLIN CORPORATION,<br><br>*Petitioner*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, ET AL.,<br><br>*Respondents*. | Case No. 25-1014 and the consolidated cases |

**MOTION FOR ABEYANCE**

Respondents the U.S. Environmental Protection Agency and its Administrator, Lee Zeldin (collectively "EPA"), respectfully request that the Court abate this matter until September 2, 2025. This additional time is necessary because EPA is still reviewing the challenged rulemaking. Counsel for EPA consulted with counsel for Petitioners and was informed that:

− Ohio Environmental Counsel and Louisiana Environmental Action Network (No. 25-1139) consent to the extended abeyance;

− Sierra Club (No. 25-1175), Texas Chemistry Council (No. 25-1266), Olin Corporation (No. 25-1014), and Labor Petitioners (United Steel, Paper and Forestry, Rubber Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO (No. 25-1137) and International

1

Union, United Automobile, Aerospace & Agricultural Implement Workers of America (No. 25-1138)) do not oppose;

– Ohio Chemistry Technology Council (No. 25-1140) and American Chemistry Council and Georgia Chemistry Council (No. 25-1132) reserve their right to respond to this Motion;

In support of this request, EPA states the following:

1. The challenged rulemaking, "Carbon Tetrachloride (CTC); Regulation under the Toxic Substances Control Act (TSCA)" 89 Fed. Reg. 103512 (Dec. 18, 2024) ("CTC Rule"), was promulgated in late 2024. Eight petitions for review of the CTC Rule were filed in seven United States Courts of Appeals and were eventually consolidated in this Court by order of the Judicial Panel on Multidistrict Litigation. *See* ECF No. 5478305.

2. Following the change in administration, on February 12, 2025, EPA moved to hold these consolidated cases in abeyance for 120 days to allow new agency leadership time to review the underlying rulemaking. ECF No. 5485364. The Court granted EPA's request in part, abating proceedings until June 2, 2025. ECF No. 5502849. In the interim, the parties also filed a Joint Briefing Proposal on March 4, 2025. ECF No. 5492349. The Court ordered the parties to submit an Amended Joint Proposed Briefing Schedule by June 6, 2025. ECF No. 5502849.

3. As EPA explained in its February Motion to Extend Abeyance, ECF No. 5485364 (hereinafter "Feb. Mot."), the grant of an abeyance is within a court's "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Feb. Mot. at 4. And this Court and others have granted abeyances allowing federal agencies time to review rulemakings following a change in administration. *See, e.g.*, Order, *Sw. Elec. Power Co. v. EPA*, No. 24-2123 (8th Cir. Feb. 28, 2025), ECF No. 5491197; Feb. Mot. at 5 (listing examples).

4. This Court previously granted EPA's requested abeyance in part, and, during that period, agency leadership reviewed the CTC Rule, including receiving multiple briefings from EPA staff. Despite this review, however, EPA has not yet come to a final decision on whether to reconsider the CTC Rule through further rulemaking, and discussions on appropriate next steps for the CTC Rule, if any, are ongoing.

5. Over the past several months, the same program office within EPA handling the CTC Rule has been coordinating multiple, concurrent litigation deadlines while reviewing multiple rulemakings and other actions. For example, EPA leadership recently completed its review of actions described in "1,4-Dioxane; Supplement to the Risk Evaluation and Revised Unreasonable Risk Determination Under the Toxic Substances Control Act (TSCA); Notice of Availability," 89 Fed.

Reg. 89993 (Nov. 14, 2024),[1] as well as the rulemakings "Trichloroethylene (TCE); Regulation under the Toxic Substances Control Act (TSCA)," 89 Fed. Reg. 102568 (Dec. 17, 2024),[2] and "Perchloroethylene (PCE); Regulation under the Toxic Substances Control Act (TSCA)," 89 Fed. Reg. 103560 (Dec. 18, 2024),[3] and has stated its intent to reconsider these actions and rulemakings. EPA also announced that it is reconsidering its 2024 TSCA risk evaluation framework rule, entitled "Procedures for Chemical Risk Evaluation Under the Toxic Substances Control Act," 89 Fed. Reg. 37028 (May 3, 2024),[4] and indicated that this reconsideration extends to two statutory issues implicated in litigation challenging "Methylene Chloride; Regulation Under the Toxic Substances Control Act (TSCA)," 89 Fed. Reg. 39254 (May 8, 2024) (oral argument in *East Fork Enterps.,*

---

[1] *See* Unopposed Mot. to Extend Abeyance Period Pending Agency Recons. at 2, *Union Carbide Corp. v. EPA*, No. 24-60615 (5th Cir. May 28, 2025), ECF No. 59-1 (May 28, 2025).

[2] *See* Mot. to Hold Case in Abeyance at 5, *United Steel, Paper, & Forestry, Rubber, Mfg., Energy, All. Indus. & Serv. Workers Int'l Union, AFL-CIO v. EPA*, No. 25-1055 (3d Cir. May 27, 2025), ECF No. 57-1.

[3] *See* Opposed Mot. to Hold Case in Abeyance at 3, *Fabriclean Supply v. EPA*, No. 25-60006 (5th Cir. May 12, 2025), ECF No. 56-1.

[4] Press Release, EPA, EPA Announces Path Forward on Chemical Reviews to Protect Public Health, Increase Efficiency and Follow the Law (March 10, 2025) (*available at* https://www.epa.gov/newsreleases/epa-announces-path-forward-chemical-reviews-protect-public-health-increase-efficiency).

*Inc. v. EPA*, No. 24-60227, occurred on June 3, 2025).[5] Accordingly, while EPA has been making steady progress, its review of the CTC Rule is taking longer than anticipated.

6. Thus, though EPA has been working to review the CTC Rule, more time is needed for EPA to complete its deliberations regarding potential reconsideration and any associated next steps for the CTC Rule and to coordinate with the U.S. Department of Justice on next steps for this litigation. Once EPA determines how to proceed with the CTC Rule, counsel for EPA will need to coordinate with counsel for Petitioners as well.

7. As EPA explained in its initial Motion to Extend Abeyance, ECF No. 5485364, where EPA may take action that would narrow the issues before the Court or eliminate the need for judicial review altogether, abeyance will preserve the resources of the parties and this Court in the interim. *See id.* at 6. It does not make sense to begin briefing what will likely be a technical and complicated case involving multiple petitioners while EPA's deliberations are ongoing.

8. However, mindful of avoiding unnecessary delay, EPA is requesting a shorter additional abeyance to complete its review and to allow counsel for EPA

---

[5] Notice Regarding Recons. of Position, *East Fork Enterps., Inc. v. EPA*, No. 24-60227 (5th Cir. May 12, 2025), ECF No. 263.

time to coordinate with counsel for Petitioners following the completion of that review, if necessary.

9. The length of the requested abeyance will also avoid counsel's scheduling conflicts. Counsel for EPA will be on pre-approved leave June 13th and June 18th through June 30th, and thus unavailable to coordinate with EPA or counsel for Petitioners, as necessary, for part of June. Abating this matter until September 2nd will avoid any such conflicts.

10. For the reasons above, EPA respectfully requests that the Court abate proceedings in these consolidated cases until September 2, 2025.

Respectfully submitted,

DATED: June 5, 2025

ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*

*Of Counsel:*
ELIZABETH THALER
DEREK GILLIAM
   Office of the General Counsel
   U.S. Environmental Protection Agency
   Washington, D.C.

/s/ *Zoe B. Palenik*
ZOE B. PALENIK
   U.S. Department of Justice
   Environmental Defense Section
   P.O. Box 7611
   Washington, D.C. 20044
   (202) 353-5625
   zoe.palenik@usdoj.gov

# CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 1,098 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

DATED: June 5, 2025

>*/s/ Zoe B. Palenik*
>ZOE B. PALENIK

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2025, I filed the foregoing Motion for Abeyance with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

DATED: June 5, 2025

*/s/ Zoe B. Palenik*
ZOE B. PALENIK
